## Young License

*Daniel L. Quinlan*, for Commonwealth.

*Warren Y. Francis*, for appellant.

KNIGHT, P. J., September 2, 1955.—On Christmas Eve, 1954, .appellant, who resides at Hatboro, this county, drove to the home of his son in Philadelphia to deliver some Christmas gifts to his grandchildren.

He parked his car in what appears to be an informal parking lot near his son's home. When he came out there was another car parked in back of his which made it difficult to get his car out of its parked position. He maneuvered his car back and forth in an attempt to get it out of the parking place and in one of his maneuvers he struck the car in back of him.

A woman who resided in a nearby apartment house either heard or saw the collision and rushed out and began berating appellant for damaging her son's car. She became highly excited and attempted to hit appellant; her son, owner of the car that was struck, came out and joined in the general caustic discussion

and also struck appellant and appellant's wife. Appellant did not get out of his car.

The police were called and both appellant and the owner of the car which was struck, who it appears was a police officer, were taken to the police station and at a hearing the next morning appellant was held for court charged with driving under the influence of liquor and his assailant was also held for assault and battery. The cases are pending in the court of quarter sessions in Philadelphia County.

There was no evidence produced in this case that appellant was under the influence of liquor and on the evidence before us we must find that he was not under the influence of liquor.

Appellant was given a hearing before a representative of the Secretary of Revenue and his operating privilege was suspended for one month. This appeal followed.

### Discussion

At the hearing in this matter the Commonwealth called appellant for cross-examination and developed the testimony from which the above facts were found. This was all the evidence produced by the Commonwealth. The wife of appellant corroborated him.

Of course, if appellant was under the influence of liquor when the collision occurred, he should be found guilty of reckless driving, but there was not a scintilla of relevant evidence upon which such a finding could be made. On the contrary, appellant, corroborated by his wife, testified positively that he was not under the influence of liquor.

True he was held under bail for court on the charge of driving under the influence of liquor, but he is presumed to be innocent until his guilt is established beyond a reasonable doubt.

Eliminating the charge of driving while under the influence of liquor, the conduct of appellant in oper-

ating his automobile at the time and place aforesaid could not be termed "reckless driving" under any definition of that offense.

We have no hesitation in holding that the Secretary of Revenue abused his discretion in suspending appellant's operating privilege.

And now, September 2, 1955, the appeal is sustained. The action of the Secretary of Revenue in suspending the operating privilege of William A. Young is reversed and it is ordered and directed that his operating privilege be restored to him.